William M. LIVELY et al., Appellants,

v.

Fritz HIRSCHFELD and Wun Drop Company, Appellees.

No. 223-70.

United States Court of Appeals, Tenth Circuit.

April 27, 1971.

John P. Akolt, Jr., Denver, Colo. (Stuart S. Gunckel, and Glenn W. Clark, Denver, Colo., with him on the brief), for appellants.

Robert W. Smedley, Littleton, Colo., for appellees.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

This action was commenced under section 12(1) of the Securities Act of 1933 by some of the purchasers of stock of a corporation, known as Wun Drop Company, to rescind the sales for the reason that the shares were unregistered and sold in violation of section 5 of the Securities Act of 1933 (15 U.S.C. § 77e).

The record shows that the defendant Hirschfeld was the owner or in control of all the issued shares of stock of the defendant corporation, and sold and had issued to the plaintiffs and others certificates of stock out of his holdings. The proceeds of the sales went to the defendant corporation rather than to the individual defendant. The sales effort was made by defendant Hirschfeld and by the president of the defendant corporation. No general solicitation was made and no special printed sales material was used. Some 8,000 shares out of the 50,000 outstanding, and owned initially by the defendant Hirschfeld, were so sold between September 8, 1967, and April 30, 1968.

There is no question but that the plaintiffs proved a prima facie case, the elements of which were not seriously contested by the defendants. Thus the fact the shares were not registered, the sales, and the jurisdictional method were all established.

The defendants sought to show that there was no public offering of the securities in connection with the sales, and to thereby prove that they came within the exempted transactions of 15 U.S.C. §§ 77d(1) or 77d(2). The case was thus tried to the trial court on this issue of public offering. Defendants' attorney told the trial court that the " * * * important issue in the case is the private offering exemption from the requirement of registration, and by this line of questioning we are attempting to show that this was definitely a private offering, and not a public offering."

The sole trial issue of public offering apparently related to exempted transactions under both 15 U.S.C. §§ 77d(1) and 77d(2), and no attempt was made to differentiate between them. This was also apparently on the premise that the statutory language was explicit in section 77d(1) as to an issuer, and under the authorities the defendants could not be underwriters under section 77d(2) unless they were involved in some public offering. Gilligan, Will & Co. v. Securities & Exchange Comm'n, 267 F.2d 461 (2d Cir.). It had been agreed that defendants were not "dealers," and thus the public offering issue was considered to be determinative.

■ Further it was, and is, recognized by the parties that a defendant seeking to come within the nonpublic offering exemption has the burden to so prove his position. Securities & Exchange Comm'n v. Ralston Purina Co., 346 U.S. 119, 73 S.Ct. 981, 97 L.Ed. 1494; Securities & Exchange Comm'n v. Sunbeam Gold Mines Co., 95 F.2d 699 (9th Cir.); Woodward v. Wright, 266 F.2d 108 (10th Cir.); Gilligan, Will & Co. v. Securities & Exchange Comm'n, 267 F.2d 461 (2d Cir.); Garfield v. Strain, 320 F.2d 116 (10th Cir.).

Under the Ralston Purina standard, defendants ultimately had to prove that there was a lack of public need for registration. The defendants here sought to establish that the offerees had such information and capabilities that the registration statements and disclosures were not needed by them or would not add anything to what they had available. In their attempt to do this, the defendants examined one of the plaintiffs at some length, and elicited other testimony relating to the general business knowledge of other offerees and their relationship to the defendants.

The cross-examination of the plaintiff who appeared as a witness shows that he was an experienced airline pilot who had considerable business experience and who had purchased stocks from time to time. He testified he was told the number of shares outstanding, par value, names of the officers, and other bare essentials of the corporate structure. He apparently asked for no information and thus none was withheld. This purchaser testified he made his purchase of the shares after the exercise of a considered business judgment. The testimony as to the other offerees given by defendant Hirschfeld was in general terms and without reference to particular persons; that they were twenty to twenty-five in number; that they were friends, educated persons, business associates and acquaintances of the individual defendant or of the president of the corporate defendant. The witness Johnson, the president of the defendant corporation, testified specifically as to several of the offerees, and he gave their individual business experience, age, and stated he had had previous business dealings with them or business associations. There was testimony that they were given information as to the corporate structure.

After the Ralston Purina case the emphasis in the decisions has been placed on the particular capabilities and information had by particular persons, buyers, plaintiffs, or offerees. The Ralston Purina case requires this examination of the individuals solicited to determine the nature of the offer, that is, to determine whether there was a public need for registration. Thus the question has become whether there is a "need" for reg-

istration as to the individuals or group concerned, and the "public" or "private" categories are not particularly descriptive. The "need" requirement is strict. The Supreme Court in its description of a possible "private" group in Ralston Purina includes only persons of exceptional business experience, and "a position where they have regular access to all the information and records which would show the potential for the corporation. When applied to the record in the case before us, the offerees are not such persons of unusual business experience and skill, they did not have the degree of access to the type of data as would meet the standard. There was, as indicated above, the cross-examination of a plaintiff which showed him to be a person of some experience in business, and there were general references to other buyers and offerees. This cannot suffice under the decisions. The proof as to the particular buyer who testified was not sufficient to meet the requirements as to him, even if he could be considered alone. The testimony as to all other offerees was woefully short of the requirement. The standard must apply to all the offerees if the Ralston Purina case is to be meaningfully applied, and if the artificial classification of "plaintiffs" and the accidental classification of "buyers" is to be prevented from determining the nature of the offer in a private action such as this. Garfield v. Strain, 320 F.2d 116 (10th Cir.), and Woodward v. Wright, 266 F.2d 108 (10th Cir.), are not to the contrary. See also Repass v. Rees, 174 F.Supp. 898 (D.C. Colo.), and Nicewarner v. Bleavins, 244 F.Supp. 261 (D.C.Colo.).

■■ Thus we must hold that the defendants failed to meet the proof required to establish an exempted transaction. The evidence must be much more explicit, exact, and not built on conclusionary statements of the defendants. The lack of "public need" for a disclosure by way of registration cannot be so shown. The standards of Securities &

Exchange Comm'n v. Ralston Purina Co., 346 U.S. 119, 73 S.Ct. 981, 97 L.Ed. 1494, were not applied.

Reversed.